IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS HARDEE, INDIVIDUALLY AND AS THE ADMINISTRATOR OF THE ESTATE OF CLIFFORD LEE HARDEE, JESSIE HARDEE BASS, and NICOLE HARDEE <br><br> Defendants. | CIVIL ACTION NO.: |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Travelers Property Casualty Company of America ("Travelers") for its Complaint for Declaratory Judgment against the Defendants alleges as follows:

### INTRODUCTION

1.

This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 for the purpose of resolving an actual controversy between Travelers and Defendants Nicholas Hardee, individually and as the administrator of the Estate Of Clifford Lee Hardee, Jessie Hardee Bass, and Nicole Hardee (collectively, the "Hardees") arising out of a claim for uninsured motorist coverage under a commercial insurance policy issued by Travelers to Fred Taylor Company, Inc. ("Fred Taylor"). Travelers seeks a declaration that the limits of its obligation to indemnify the Hardees in connection with a fatal August 3, 2021 automobile accident between Clifford Lee Hardee ("Mr. Hardee") and Mia Music ("Music"), the allegedly at-fault driver, (the "Accident") are $100,000.

## THE PARTIES

2.

Plaintiff Travelers Property Casualty Company of America is a Connecticut corporation with its principal place of business in Hartford, Connecticut. Travelers is duly authorized to conduct business in the State of Georgia.

3.

On information and belief, Defendant Nicholas Hardee is a citizen of the State of Georgia residing in Appling County and can be served with process at 1659 Piney Bluff Road, Baxley, Appling County, Georgia 31513.

4.

Defendant Nicholas Hardee is the administrator for the Estate of Clifford Lee Hardee, which is administered under the laws of the State of Georgia. On information and belief, Mr. Hardee was a citizen of the State of Georgia residing in Appling County at the time of his death.

5.

On information and belief, Defendant Jessie Hardee Bass is a citizen of the State of Georgia residing in Appling County and can be served with process at 6358 Hatch Parkway North, Baxley, Appling County, Georgia 31513.

6.

On information and belief, Defendant Nicole Hardee is a citizen of the State of Georgia residing in Laurens County and can be served with process at 1819 Highland Avenue, Apartment C2, Dublin, Laurens County, Georgia 31021.

## JURISDICTION & VENUE

7.

There is complete diversity between Travelers and the Hardees.

8.

The amount in controversy exceeds $75,000, exclusive of interest and costs, as the Hardees have demanded $1,000,000 from Travelers for the Accident.

9.

Thus, this Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332.

10.

This Court has personal jurisdiction over the Hardees because they are citizens of the State of Georgia.

11.

Venue is proper in the Southern District of Georgia, Dublin Division, pursuant to 28 U.S.C. § 1391(b)(1) because at least one of the Defendants reside in Laurens County, Georgia, which is part of the Dublin Division of the Southern District.

12.

This action is properly filed pursuant to 28 U.S.C. § 2201 because an actual controversy of a ripe and justiciable nature exists between Travelers and the Hardees concerning the limits of uninsured motorist coverage available for the Accident.

## THE POLICY

13.

Travelers issued to Fred Taylor commercial insurance policy number AD-9P86338A-21-

CAG for the February 1, 2021 to February 1, 2022 policy period (the "Policy"). A certified copy of the Policy is attached hereto as Exhibit A.

14.

The Policy is a renewal of commercial insurance policies issued by Travelers to Fred Taylor beginning with the February 1, 2017 to February 1, 2018 policy period.

15.

The Policy contains an auto dealers coverage part which includes, *inter alia*, covered auto liability coverage and uninsured and underinsured motorist coverage.

16.

The limit of the Policy's covered auto liability coverage is $1,000,000 per accident. (Ex. A. p. 11.)

17.

The insuring agreement for the Policy's uninsured and underinsured motorist coverage provides as follows:

    **A. Coverage**

        1. We will pay all sums in excess of the applicable deductible option shown in the Schedule or Declarations that the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle." The damages must result from "bodily injury" including loss of consortium, sustained by the "insured" or "property damage" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

        2. We will pay under this coverage only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements. However, if a settlement is made between an "insured" and the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" for an amount that does not exhaust the limits of liability under any applicable liability bonds or policies, we will not pay under this coverage unless we previously consented to such settlement in writing.

    3. Any default judgment arising out of a "suit" for damages against anyone alleged to be legally responsible is not binding on us.

(*Id.* at 115.)

18.

With regard to who is an "insured" under the Policy's uninsured and underinsured motorist coverage, the Policy provides, in pertinent part, as follows:

    **B. Who Is An Insured**

        If the Named Insured is designated in the Declarations as:

* * * *

        2. A partnership, limited liability company, corporation or any other form of organization, then the following are insureds:

            a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

* * * *

(*Id.* at 115-16.)

19.

The Limit of Insurance provision for the Policy's uninsured motorist coverage provides, in pertinent part, as follows:

    **D. Limit Of Insurance**

        1. Regardless of the number of covered "auto", "insureds", premium paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Uninsured Motorists Coverage shown in the Schedule or Declarations.

* * * *

(*Id.* at 116.)

20.

The Policy's declarations reference form CA T0 68 for the Policy's limits for uninsured and underinsured motorists coverage. (*Id.* at 12.)

21.

Form CA T0 68, entitled Auto Dealers Coverage Part Supplementary Schedule, states that the Policy's limit for uninsured and underinsured motorist coverage in Georgia is a combined single limit of $100,000 for "bodily injury" and "property damage." (*Id.* at 65.)

22.

The Auto Dealers Coverage Part Supplementary Schedule also states that the Policy's limit for uninsured and underinsured motorist coverage for six named individuals—Marsha Taylor, Linda Taylor McKennie, Mark Taylor, Tommie Taylor, Fulton Fletcher Taylor, and Geri Jones Wilbanks (collectively, the "*Named Individuals*")—is $1,000,000. (*Id.*)

23.

The Policy is modified by an endorsement entitled Driver Other Car Coverage – Broadened Coverage For Named Individuals, which schedules the premiums paid for the "*Named Individuals*" and provides, in pertinent part, as follows with regard to uninsured and underinsured motorist coverage:

> **C. Changes In Auto Medical Payments And Uninsured And Underinsured Motorist Coverages**
>
> The following is added to **Who Is An Insured:**
>
> Any individual named in the Schedule and his or her "family members" are "insureds" while "occupying" or while a pedestrian when being struck by any "auto" you don't own except:
>
> Any "auto" owned by that individual or by any "family member"
>
> * * * *

E. **Additional Definition**

As used in this endorsement:

"Family member" means a person related to the individual named in the Schedule by blood, marriage or adoption who is a resident of the individual's household, including a ward or foster child.

(*Id.* at 120-21.)

24.

Prior to the February 1, 2021 to February 1, 2022 policy period, the limit of insurance for uninsured and underinsured motorist coverage for "insureds" other than the "*Named Individuals*" and their "family members" was a combined single limit of $75,000.

25.

In a prior policy period, Fred Taylor executed a supplementary commercial automobile application form evidencing its selection of the $75,000 combined single limit for uninsured and underinsured motorist coverage for "insureds" other than the "*Named Individuals*" and their "family members."

26.

Fred Taylor affirmatively chose the $100,000 combined single limit for uninsured and underinsured motorist coverage for "insureds" other than the *"Named Individuals"* and their "family members" prior to the date Travelers issued the Policy.

27.

On September 13, 2021, Fred Taylor executed a supplementary commercial automobile application form evidencing its selection of the $100,000 combined single limit for uninsured and underinsured motorist coverage for "insureds" other than the "*Named Individuals*." A true and correct copy of the September 13, 2021 supplementary commercial automobile application form

executed by Fred Taylor is attached as Exhibit B.

## FACTS

28.

The Accident took place on August 3, 2021, between a vehicle operated by Mr. Hardee and a vehicle operated by Music while they were travelling on Georgia State Route 4 Business in Ware County, Georgia.

29.

Mr. Hardee was operating a vehicle owned by Interstate Nationalease, Inc. ("INL").

30.

INL is a named insured under the Policy.

31.

The vehicle Mr. Hardee was operating is a covered "auto" under the Policy for the purposes of uninsured and underinsured motorist coverage.

32.

Mr. Hardee is an "insured" under the Policy for the purposes of uninsured and underinsured motorist coverage.

33.

Mr. Hardee is not one of the "*Named Individuals*" or one of their "family members."

34.

Travelers first received notice of the Accident on August 4, 2021.

35.

On August 10, 2021, Travelers provided the Hardees' counsel with a copy of the Policy.

36.

On August 11, 2021, Travelers advised the Hardees' counsel that the Policy's limit for uninsured and underinsured motorist coverage is $100,000.

37.

On August 11, 2021, the Hardees' counsel asserted that the Policy's limit for uninsured and underinsured motorist coverage is $1,000,000.

38.

On August 20, 2021, the Hardees, through counsel, demanded $1,000,000 from Travelers for the Accident under the Policy's uninsured and underinsured motorist coverage (the "Demand"). A copy of the Demand is attached as Exhibit C.

39.

The Demand asserts the Policy's limit for uninsured and underinsured motorist coverage is $1,000,000 because the Hardees take the position that Travelers did not provide "proof of [Fred Taylor's] written selection to have uninsured motorist limits below its limits of liability . . . ." (Ex. C p. 2.)

40.

On August 25, 2021, Travelers provided the Hardees' counsel with a copy of the Policy's Auto Dealers Coverage Part Supplementary Schedule.

41.

On September 8, 2021, the Hardees' counsel sent correspondence to Travelers asserting that the information provided by Travelers was insufficient to show that Fred Taylor made the "affirmative election" to have uninsured and underinsured motorist coverage with a limit lower than the Policy's liability limit. A true and correct copy of the September 8, 2021 correspondence

is attached as Exhibit D.

42.

On September 14, 2021, Travelers provided the Hardees' counsel with a copy of the September 13, 2021 supplementary commercial automobile application form executed by Fred Taylor.

43.

On September 21, 2021, Travelers tendered $100,000 to the Hardees' counsel.

44.

On September 27, 2021, the Hardees' counsel rejected Travelers' $100,000 tender.

45.

On November 3, 2021, Travelers, through counsel, sent correspondence to the Hardees' counsel renewing Travelers' $100,000 tender. A true and correct copy of the November 3, 2021 correspondence is attached as Exhibit E.

46.

On November 5, 2021, the Hardees' counsel responded to the November 3, 2021 Correspondence, again rejecting Travelers' $100,000 tender. A true and correct copy of the November 5, 2021 correspondence is attached as Exhibit F.

47.

On December 2, 2021, the Hardees' filed suit against Music and J Miles Enterprises, LLC d/b/a Miles Auto Sales for the Accident in the Superior Court of Ware County, Georgia, Civil Action File No. SUV2021000736 (the "Underlying Lawsuit"). A true and correct copy of the complaint in the Underlying Lawsuit is attached as Exhibit G.

48.

The Underlying Lawsuit asserts claims for negligence, wrongful death, and a survival action.

49.

On December 7, 2021, the Hardees served Travelers in the Underlying Lawsuit as an uninsured motorist carrier.

50.

Pursuant to O.C.G.A. § 33-7-11(d), Travelers is exercising its right not to participate in the Underlying Lawsuit.

## CAUSE OF ACTION
(Declaratory Relief – Limits of Uninsured Motorist Coverage under the Policy)

51.

Travelers hereby incorporates by reference all allegations contained in Paragraphs 1 – 50 above as if fully set forth herein.

52.

Travelers' obligation to indemnify the Hardees under the Policy for any damages, losses, claims, costs or expenses arising out of or related to the Hardees' claim for uninsured motorist coverage, the Underlying Lawsuit, and/or the Accident is limited to $100,000 because:

(a) Fred Taylor affirmatively chose tiered uninsured and underinsured motorist coverage for the Policy with limits of $1,000,000 for the "*Named Individuals*" and their "family members" and $100,000 for all other "insureds" and

(b) Mr. Hardee is not one of the "*Named Individuals*" or one of their "family members".

WHEREFORE, Travelers demands judgment as follows:

A.  For a declaration that Travelers' duty to indemnify the Hardees or otherwise pay for any damages, losses, claims, costs or expenses arising out of the Hardees' claim for uninsured motorist coverage, the Underlying Lawsuit, and/or the Accident is $100,000;

B.  For the cost of this suit;

C.  For such other and proper relief as this Court may deem just and proper.

Respectfully submitted this 14th day of January, 2022.

| | |
|---|---|
| **LEWIS BRISBOIS BISGAARD & SMITH LLP**<br>600 Peachtree Street NE<br>Suite 4700<br>Atlanta, Georgia 30308<br>Telephone: 404.348.8585<br>Facsimile: 404.467.8845<br>seth.friedman@lewisbrisbois.com<br>christopher.meeks@lewisbrisbois.com | By: */s/ Seth Friedman*<br>SETH FRIEDMAN<br>Georgia Bar No. 141501<br>CHRISTOPHER MEEKS<br>Georgia Bar No. 371020<br>SEAN FARRELL<br>Georgia Bar No. 183742<br>*Attorneys for Plaintiff Travelers Property Casualty Company of America* |