# EXHIBIT "D"

# JOHNSONFLOYD LLP
## BUSINESS AND TRIAL LAWYERS
www.JohnsonFloyd.com

J. ALEXANDER JOHNSON PC
jajohnson@jajlaw.com

132 WEST PARKER STREET
BAXLEY, GEORGIA 31513
TEL: 912-367-9000
FAX: 912-367-5883

GRAHAM F. FLOYD PC
gffloyd@jajlaw.com

September 8, 2021

**VIA ELECTRONIC MAIL: mwrobins@travelers.com**
Travelers Insurance
C/O Michael Robinson
P.O. Box 430
Buffalo, NY 14240-0430

RE:   Our Client:         **Clifford Lee Hardee (Deceased)**
      Your Insured:       **Clifford Lee Hardee**
      Your Claim No:      **FKK7347-Clifford Hardee**
      Date of Incident:   **August 3, 2021**

Dear Mike:

I appreciate you following up with me on this matter via email back on August 25. I regret that I am just now getting back with you, I hope you will forgive the delay.

This case presents an interesting question of law and fact. As you know, O.C.G.A. § 33-7-11 provides that uninsured/underinsured motorist "UM" coverage be equal to the liability limits on the same policy unless the insured "…affirmatively choose[s] uninsured motorist limits in an amount less than the limits of liability."[1] We know that the Georgia Court of Appeals has allowed insureds and insurers to enter into "tiered" UM policies where Insureds can select different coverages for different classes of people within their business organization.[2] Lastly, it is generally recognized that a policy provision allowing for UM limits below liability limits is ineffective as contrary to the UM statutes where it is not saved by the force of a §33-7-11(a)(1)(B) affirmative election to have UM limits lower than liability.

You have only provided the UM policy endorsement which Traveler's contends is an affirmative showing that the insured elected to have UM coverage of only $100,000.00 for Mr. Hardee. Because I have asked for a dec page on the policy and received none, I believe that this endorsement is the closest thing we have to a dec page. As you may know, § 33-7-11(a) contains no requirement that an insured's affirmative election of a lesser amount be made in writing. However, the lack of writing does not absolve the insurer of its burden of showing that the insured did in fact make

---

[1] § 33-7-11(a)(1)(B).
[2] <u>Crouch v. Federated Mut. Ins. Co</u>., 267 Ga. App. 604; <u>Jones v. Federated Mut. Ins. Co</u>., 346 Ga. App. 237.

Travelers Insurance
Claim No. FKK7347-Clifford Hardee
September 8, 2021
Page 2

an affirmative choice of lesser coverage.[3] The declarations page of a policy, however, cannot support an inference that the insured made an affirmative choice among the various UM coverage options available to it because it raises merely a conjecture of possibility of the fact.[4]

While I understand Traveler's position it cannot be said that this endorsement, unsigned by the insured, demonstrates an affirmative election absent some conjecture and speculation as to what they intended. In other cases upholding tiered UM coverage within a company, insurers have been able to produce executed rejection or selection forms from their insured.[5] Our conversations lead me to believe that no such document(s) exists. If I am wrong about this fact please let me know.

Thus the conflict here involves a fairly novel issue with no clear proof of a affirmative selection; a burden that does not lie with Mr. Hardee's children. As such, this appears to be an issue headed to Court for determination unless Traveler's takes a more proactive approach to settling this matter.

I would appreciate an opportunity to discuss this matter with you further. Please let me know when it will be convenient for use to speak.


Sincerely,

Graham F. Floyd

GFF/jh

Enclosures

---

[3] *Gov't Emples. Ins. Co. v. Morgan*, 341 Ga. App. 396 (2017).
[4] Id. at 401.
[5] See, *Crouch*; *Jones*.