# EXHIBIT "E"



Seth Friedman<br>
600 Peachtree Street NE, Suite 4700<br>
Atlanta, Georgia 30308<br>
Seth.Friedman@lewisbrisbois.com<br>
Direct: 404.991.2184

November 3, 2021                                                                                   LBBS No. 50027.3488

**CONFIDENTIAL SETTLEMENT COMMUNICATIONS**
**FED. R. EVID. 408, O.C.G.A. § 24-4-408**

**VIA E-MAIL:  gffloyd@jajlaw.com**
Graham F. Floyd
Johnson Floyd LLP
132 West Parker Street
Baxley, GA  31513

      RE:     Named Insured:     **Fred Taylor Company, Inc.**
                  Claimant:             **Clifford Lee Hardee**
                  Claim No.:            **FKK7347**
                  Policy No.:           **AD-9P86338A-21-CAG**
                  Date of Loss:       **August 3, 2021**

Dear Graham:

       This firm represents Travelers Property Casualty Company of America ("Travelers") in connection with the uninsured motorist claim asserted by Nicholas Hardee, Jessie Hardee Bass, and Nicole Hardee regarding the death of Clifford Lee Hardee as the result of the above-referenced automobile accident (the "Accident"). As set forth below, Travelers offers to resolve this uninsured motorist claim for $100,000, the applicable limits of uninsured motorist coverage available to Mr. Hardee under the above-referenced policy (the "Policy").

       The Accident took place on August 3, 2020 at approximately 3:27PM while Mr. Hardee and Mia Nicole Music were traveling in opposite directions on Georgia State Route 4 Business in Ware County, Georgia. The Georgia Motor Vehicle Crash Report shows that the Accident took place when Ms. Music's vehicle departed its lane of travel and entered the lane occupied by Mr. Hardee's vehicle. At the time of the Accident, Ms. Music was operating a vehicle owned by J Miles Enterprises, LLC d/b/a Miles Auto Sale ("Miles"), and Mr. Hardee was operating a vehicle owned by Interstate Nationalease, Inc. Miles has automobile liability insurance issued by Auto-Owners Insurance Company with applicable limits of $300,000. Interstate Nationalease is a subsidiary of Fred Taylor Company, Inc., and an insured under the Policy. Mr. Hardee was an employee of Interstate Nationalease and/or Fred Taylor Company.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA • OHIO
OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

**CONFIDENTIAL SETTLEMENT COMMUNICATIONS**
**FED. R. EVID. 408, O.C.G.A. § 24-4-408**

Graham F. Floyd
November 3, 2021
Page 2

Travelers issued the Policy to Fred Taylor Company for the policy period February 1, 2021 to February 1, 2022. The Policy contains an uninsured motorist coverage part subject to a Georgia Uninsured Motorist Coverage – Added On To At-Fault Liability Limits endorsement (CA 31 37 10 13). The Policy provides uninsured motorist coverage with applicable limits of $100,000 except for six specifically identified individuals for which the Policy provides $1,000,000 in uninsured motorist coverage. Mr. Hardee is not one of the six individuals specifically identified in the Policy.

On or about August 11, 2021, Travelers advised you of the Policy's applicable uninsured motorist coverage limits and that the Policy provides uninsured motorist coverage on an "add on" basis and provided you with copies of the Policy's declarations pages and uninsured motorist coverage endorsement. Later that day, you requested forms showing that Fred Taylor Company had elected the $100,000 uninsured motorist coverage limit since the Policy's liability limits are $1,000,000.

On or about August 20, 2021, Travelers received an O.C.G.A. § 33-7-11(j) demand from you for $1,000,000 (the "August 20 Demand"). With regard to the Policy's applicable uninsured motorist coverage limits, the August 20 Demand states, in pertinent part, as follows:

> In Georgia, every motor vehicle liability policy must contain provision for uninsured motorist coverage "[e]qual to the limits of liability" of the policy unless the insured affirmatively chooses limits less than the limits of liability. The liability limits on the policy disclosed to me is $1,000,000.00. I have asked for proof of your insured's written selection to have uninsured limits below its limits of liability but you have explained to me that you do not have these. Therefore, our demand is for $1,000,000.00.
> Pursuant to O.C.G.A section 33-7-11 , all UM/UIM coverage is "add on" coverage unless "add on" UM/UIM coverage is specifically rejected and the "difference in limits" coverage is chosen in writing. We have not been provided anything in writing showing that our client selected the older style "difference in limits" coverage.

On August 25, 2021, Travelers provided you with a supplemental coverage form further showing that the Policy provides $100,000 in uninsured motorist coverage for the Accident. On September 8, 2021, you responded to Travelers, recognizing that O.C.G.A. § 33-7-11(a)(1)(B) permits an insured to "affirmatively choose uninsured motorist limits in an amount less than the limits of liability" and that the Georgia Court of Appeals has allowed insurers and insureds to purchase automobile liability policies providing tiered uninsured motorist coverage. Nonetheless, you asserted that the information provided by Travelers was insufficient to demonstrate Fred Taylor Company's "affirmative cho[ice]" under O.C.G.A. § 33-7-11(a)(1)(B) because Travelers did not provide an uninsured motorist coverage selection/rejection form ("UM selection/rejection form") executed on behalf of Fred Taylor Company. Ultimately, you stated that the issue of providing proof of Fred Taylor Company's "affirmative cho[ice]" under O.C.G.A. § 33-7-11(a)(1)(B) "involved a fairly novel" question of fact and law. While Travelers denies that there is a question of fact or law at issue here, the

**CONFIDENTIAL SETTLEMENT COMMUNICATIONS**
**FED. R. EVID. 408, O.C.G.A. § 24-4-408**

Graham F. Floyd
November 3, 2021
Page 3

existence of such a question would preclude a finding that Travelers acted in bad faith by not accepting the August 20 Demand. *See Moon v. Mercury Ins. Co. of Ga.*, 253 Ga. App. 506, 508-09 (2002) ("The existence of [a] factual dispute constitutes [a] complete defense to [a] bad faith claim.").

On September 21, 2021, Travelers tendered $100,000 to you for the Accident in exchange for an executed limited liability release and letters of administration for Mr. Hardee's estate. On September 28, 2021, you asserted that letters of administration were unnecessary for your clients' claims and that you considered Travelers' tender requesting same to be a counteroffer to the August 20 Demand. Nonetheless, you indicated that the August 20 Demand "speaks for itself" and reiterated that its deadline was October 23, 2021.

Travelers is not in possession of a UM selection/rejection form for the Policy executed on behalf of Fred Taylor Company prior to the Accident. However, as you recognized in your September 9 letter, "§ 33-7-11(a) contains no requirement that an insured's affirmative election of a lesser amount [of uninsured motorist coverage] be made in writing." Thus, Travelers was not required to obtain a UM selection/rejection form in connection with the issuance of the Policy in order for Fred Taylor Company's "affirmative cho[ice]" to have effect here and can prove the existence of that "affirmative choice" through the testimony of those with knowledge of the transaction and other supporting documents.

Specifically, Fred Taylor Company's vice president of finance and chief financial officer and its insurance agent have confirmed to Travelers that Fred Taylor Company only wanted the six specifically identified individuals to have $1,000,000 in uninsured motorist coverage under the Policy and that all other employees were to have $100,000 in uninsured motorist coverage. To the extent there is litigation concerning the Policy's uninsured motorist coverage limit for the Accident, the testimony of those individuals on behalf of Fred Taylor Company and its insurance agent would undoubtedly prove dispositive in establishing Fred Taylor Company's "affirmative cho[ice]." Consistent with these confirmations, Fred Taylor Company executed a UM selection/rejection form following the Accident showing that the Policy provides $100,000 in uninsured motorist coverage. Moreover, the Policy is a renewal of policies issued annually by Travelers to Fred Taylor Company beginning with the February 1, 2017 to February 1, 2018 policy period in which the prior policies provided similarly tiered uninsured motorist coverage. Thus, there is ample evidence of Fred Taylor Company's intent with regard to the uninsured motorist coverage it "affirmatively cho[se]" to purchase from Travelers which demonstrates that the Policy provides $100,000 in uninsured motorist coverage for the Accident.

Accordingly, Travelers renews its tender of the Policy's applicable $100,000 uninsured motorist coverage limit. Please advise at your earliest convenience if your clients will accept Travelers' tender. Any agreement to resolve your clients' claims will be contingent on our consent to mutually acceptable release terms which address and comply with all applicable laws and regulations concerning the settlement of injury claims, including, but not limited to, those concerning the payment of any Medicare, Medicaid, ERISA, or other liens and subrogation rights. Please advise as soon as possible if there are any such liens or subrogation rights regarding your clients' claims.

**CONFIDENTIAL SETTLEMENT COMMUNICATIONS**
**FED. R. EVID. 408, O.C.G.A. § 24-4-408**

Graham F. Floyd
November 3, 2021
Page 4

    By providing this letter, Travelers is not waiving any term or condition of the Policy or any defense or rights not specifically raised herein. All of the terms and conditions of the Policy, as well as any rights or defenses available under the law are hereby reserved. Nothing in this letter is to be deemed or construed as an admission or confirmation of coverage under the Policy for the Accident or as a waiver, relinquishment, or other limitation of Travelers' rights. Furthermore, Travelers retains its right to demand full compliance with all of the terms and conditions of the Policy.

    If you have any questions or wish to discuss further, please do not hesitate to contact me.

Sincerely,

Seth Friedman of
LEWIS BRISBOIS BISGAARD & SMITH LLP

SF