# EXHIBIT "F"

# JOHNSONFLOYD LLP
## BUSINESS AND TRIAL LAWYERS

www.JohnsonFloyd.com

J. ALEXANDER JOHNSON PC
jajohnson@jajlaw.com

132 WEST PARKER STREET
BAXLEY, GEORGIA 31513
TEL: 912-367-9000
FAX: 912-367-5883

GRAHAM F. FLOYD PC
gffloyd@jajlaw.com

November 5, 2021

**VIA ELECTRONIC MAIL: seth.friedman@lewisbrisbois.com**

Lewis Brisbois Bisgaard & Smith, LLP
C/O Seth Friedman
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308

RE:   Our Client:         **Clifford Lee Hardee (Deceased)**
      Your Insured:       **Clifford Lee Hardee**
      Your Claim No:      **FKK7347-Clifford Hardee**
      Date of Incident:   **August 3, 2021**

Dear Seth:

I have received your letter from November 3 and I appreciate your explanation of Travelers' position.

Your letter illustrates two issues which I believe are separate from one another. The first is whether or not Travelers has or can demonstrate by a preponderance of the evidence that your ensured elected to have UM coverage lower than its liability limits and the second is Travelers' bad faith failure to settle this matter within the time prescribed by Georgia law.

The Plaintiffs here do not dispute that the Fred Taylor Company's ("FTC") affirmative choice to have lower UM coverage for its employees is not absolutely required to be in writing. I think that we can agree that most carriers *choose* to get this in writing to avoid situations such as this one. Indeed, I suspect that this is Travelers' preferred practice as well but for whatever reason the agent to which you refer did not obtain the appropriate form or perhaps it was someone else's responsibility, I do not know. Regardless, Travelers' position *was* that the UM endorsement[1] (CA 31 37 10 13) was, in itself, proof of an affirmative election for lower limits. I was then forwarded a UM selection form dated nearly forty-five days after Mr. Hardee's death and, I suppose, was expected to take that post-death election as proof of FTC's pre-death affirmative choice. Now Seth, if that kind of document were sufficient, Travelers (or any other carrier) would always engage in that kind of post-accident "CYA" measure when they have an issue like this.

This leads me to question the validity of the election and the continued relationship between Travelers and FTC and your firm and FTC. It is obvious that Travelers' adjuster

---
[1] I have never been given a declarations page despite my repeated requests.

Travelers Insurance
Claim No. FKK7347-Clifford Hardee
November 5, 2021
Page 2

went to its insured with this document post-accident in an effort to correct Travelers' pre-accident error. That creates a conflict between FTC and Travelers in that Travelers' has asked its insured to provide signed documents and, according to your letter, solicited testimony from the insured's corporate officers with a view to protecting the interests of Travelers, not FTC. Depending on the nature of these communications, FTC could be exposed to direct liability to my clients if it colluded with Travelers. I trust you see the predicament and the need for FTC to have independent counsel. If this case proceeds to litigation I will insist on it via the appropriate motion.

The second issue that you preemptively raised concerns Travelers not tendering its limits within the statutory period. Our demand was received by Travelers on August 23. It clearly states that the demand was made in connection with the "wrongful death" of my clients' father. There was no mention of conscious pain and suffering, fright and shock or other damages typically sought by an Estate. On September 21 I received an email from Travelers' adjuster requiring the production of Letters of Administration prior to the tender of the (supposed) limits. This is clearly not the unequivocal acceptance of our offer and in fact added unnecessary conditions to Travelers' acceptance of my clients' demand.

This, of course, constitutes a rejection of our offer. Rather than just sit on that, I immediately replied to your adjuster (as you noted in your letter) telling him that the probate aspect was both unnecessary under Georgia's wrongful death statute but that I considered the same to be a counteroffer. At that point Travelers had *over a month* to resolve this discrepancy but chose to totally ignore my email. Your letter is the first attempt at a tender of limits in this case that comports with the terms laid out in the demand. It was sent well after Travelers deadline to respond under Georgia law.

Seth, I will be happy to discuss this matter with you in greater detail but I cannot see how to resolve these issues without appropriate discovery. Again, I am open to discussion with you. All of that being said, please consider this letter as a second reminder to FTC and Travelers of their continuing duty to preserve all documents, communications, and tangible items associated with this accident to include all correspondence between Travelers and FTC together with correspondence within FTC involving this issue. All of this is discoverable and is already subject to the spoliation notice I sent to Travelers and FTC and that was delivered on August 12.

Cordially,

Graham F. Floyd

GFF/jh